UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

_____

| | | |
|---|---|---|
| IN RE PRADAXA | ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) | ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY | ) | Judge David R. Herndon |
| LITIGATION | ) | |

_____

**This Document Relates to:**

*Colletta v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, No. 3:12-cv-60081-DRH-SCW

*Freeman v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, No. 3:13-cv-50932-DRH-SCW

*Hill v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, No. 3:13-cv-51134-DRH-SCW

## ORDER OF DISMISSAL WITH PREJUDICE

**HERNDON, District Judge:**

This matter is before the Court on defendants' (Boehringer Ingelheim Pharmaceuticals Inc. and Boehringher Ingelheim International) motions to show cause why the above captioned cases should not be dismissed with prejudice, filed pursuant to Case Management Order Number 78 ("CMO 78") (MDL 2385 Doc. 519). None of the above captioned plaintiffs has responded to the motions. Accordingly, the Court accepts as true the allegations in defendants' motions to show cause. For the reasons discussed herein, the motions are **GRANTED**.

CMO 78 applies to all plaintiffs (1) with personal injury claims pending in this MDL at the time CMO 78 was entered and (2) who did not opt-in to the

voluntary settlement program, as well as (3) all plaintiffs with personal injury claims later filed in, removed to, or transferred to this MDL after the entry of CMO 78. All of the above captioned plaintiffs are subject to the requirements of CMO 78.

Pursuant to Section I.A. of CMO 78, plaintiffs are required to send a written notice to pharmacies and healthcare providers requesting preservation of records. CMO 78 also requires service of a signed certification verifying that all notices were sent as required. Sections II.A.- C. of CMO 78 require plaintiffs to produce a number of documents and things. First, plaintiffs are required to serve a Plaintiff Fact Sheet ("PFS") and authorizations in compliance with CMO 15. Second, plaintiffs are required to produce all pharmacy records regarding the dispensation of medication and certain medical records. Third, plaintiffs are required to submit a signed affidavit attesting that all the records required under CMO 78 were collected and produced. Finally, Sections II.D. and E. of CMO 78 require that plaintiffs produce certain expert reports no later than thirty (30) days after the Opt-In Deadline, or by September 11, 2014.

Pursuant to CMO 78, defendants notify plaintiffs who are not in compliance with the above listed requirements. After receiving such notice, plaintiffs are given a certain amount of time to cure the identified CMO 78 deficiencies ("Cure Period"). The Cure Period is <u>the only extension permitted</u> under CMO 78.[1] If the

---

[1] CMO 78 states, in relevant part as follows: (1) as to Section I, "[a]ny Plaintiff who fails to fully comply with the requirements of Paragraphs A, B, and C above shall be provided notice of such failure by email or fax from Defendants' counsel and shall be provided fourteen (14) additional

plaintiff fails to cure the identified deficiencies during the Cure Period, defendants "may file a Motion to Show Cause why the case should not be dismissed with prejudice." (Doc. 519 §§ I.D., II.G.). Upon the filing of such a motion, the plaintiff has "twenty (20) days to respond to the Motion and show good cause why the case should not be dismissed" (Doc. 519 §§ I.D., II.G.). "Any failure to respond to the Motion within the specified period shall lead to dismissal of the case with prejudice." (Doc. 519 §§ I.D., II.G.).

In the instant case, the above captioned plaintiffs failed to comply with one or more requirements of CMO 78. Further, the plaintiffs received CMO 78 deficiency notices and failed to cure the identified deficiencies within the cure period.[2] As a result, defendants filed motions to show cause in accord with CMO

---

days to cure such deficiency ("Cure Period") to be calculated from the receipt of such notice of deficiency from counsel for the Defendants. No other extensions will be granted unless agreed to by all parties" and (2) as to Section II, any plaintiff who fails to comply "shall be given notice of such failure by email or fax from Defendants' counsel and shall be provided twenty (20) additional days to cure such deficiency ("Cure Period") to be calculated from receipt of such notice of deficiency from counsel for the Defendants. No other extensions will be granted" (Doc. 519).

[2] The Court also notes that it repeatedly discussed the importance of strictly complying with the terms of the settlement agreement (for those who chose to opt in) and with the terms of any related case management orders (for those who chose to opt out) during several case management conferences. Parties are permitted to attend the case management conferences in person or via phone. Further, the terms of the settlement agreement and of any related CMOs clearly set forth the penalty for non-compliance. The penalty for non-compliance was likewise discussed by the Court during several case management conferences. The Court specifically notes the following:

August 26, 2014 Case Management Conference (MDL 2385 Doc. 561 p.3 l.20 - p.4 l.17):

> *THE COURT:* Mr. Limbacher, let me ask you, looks
> like we had spectacular success on opting in. The 130 that
> opted out are essentially people that just didn't send
> opt-in forms. We just have had in credible success on
> opting in.
>
> *MR. LIMBACHER:* We have, Your Honor. It's,
> I think, been surprising to both sides the level of
> participation. And as I mentioned, the significant majority

>of the relatively small number of cases that have opted out
>do not have pending claims.
>
>*MR. KATZ:* Your Honor, from the Plaintiffs'
>Steering Committee perspective, obviously we urge everyone
>to take the implementation order and its requirements
>extremely seriously as they would any order of this Court.
>
>*THE COURT:* That's a very good point, Mr. Katz.
>The implementation mechanism is extraordinarily important,
>and failure to follow the order of the Court in that respect
>must be -- failure to comply with the Court's order will be
>met with dismissal, and so if we don't have that compliance
>then the cases just will not progress. So even if one
>intended to opt out and proceed further, just simply won't
>happen if the plaintiffs fail to follow the implementation
>order

September 29, 2014 Case Management Conference (MDL 2385 Doc. 584 p.2 ll.13-18):

>MR. KATZ:  Suffice it to say that the claims process is going
>exceedingly smoothly, that the claims deadline has been
>almost -- it's coming up soon. There are the last handful
>of people that are still entitled to minor extensions,
>should they ask for them, but that claim process will end in
>the next few weeks, so that's going smoothly.

September 29, 2014 Case Management Conference (MDL 2385 Doc. 584 p.2 ll.24 – p.4 l.9):

>*THE COURT:* Mr. Ball, anything to add?
>
>*MR. BALL:* Yes. What I would add, Your Honor, is
>that we would confirm that funding was made, as Mr. Katz
>said, and our interest now is to make sure, as things go
>forward, that we're satisfied that all of the terms of the
>MSA, including particularly Sections 8.7 and 8.8, are
>complied with, and we'll be keeping an eye on that issue.
>
>*THE COURT:* Very good. Agree the provisions of the
>agreements and the implementation order need to be followed.
>We received reports from Providio, Brown Greer, and I
>appreciate those.
>Speaking of the implementation order, we have an
>agenda item relative to the status of that information.
>
>*MR. BALL:* Yes. The status on that is that there
>is a relatively small number of claimants that we have been
>engaged in discussions with that we will make -- have a
>necessity in the near future of filing some motions to show
>cause pursuant to the Court orders, and we would just place
>this on the agenda to give the Court a heads-up that those
>may be coming down the pike in the near future.

78. The time for responding to defendants' motions to show cause has passed and none of the above captioned plaintiffs have responded. Therefore, in accord with the provisions of CMO 78, the above captioned plaintiffs' claims are subject to dismissal WITH prejudice.

> *MR. KATZ:* Your Honor, nothing really to add, other
> than when the negotiations of the settlement, the
> implementation were engaged in, the PSC took those
> seriously, and we think in terms of the implementation
> order, it's something that must be followed by everybody.
>
> *THE COURT:* Well, yeah. It's quite clear what
> those requirements are, and they were negotiated at arms
> length and so they must be implemented, and the Court will
> enforce the orders that were agreed or to, or the agreements
> that were agreed to by the parties, so if they receive
> motions relative to those issues, be happy to take those up
> in due course.
> So we need to continue to make sure that these
> matters continue to move along, insure that those people who
> are to be compensated are, in fact, compensated in a timely
> manner.

November 12, 2014 Case Management Conference (MDL 2385 Doc. 598 p.3 l.15 - p.4 l.11):

> *MR. KATZ:* Timing and schedule for payments. You
> know, we're still optimistic, maybe cautiously optimistic
> that the first payments to claimants in this settlement will
> occur in December. Obviously it will all depend on lien
> resolution, and the plan would be for the first wave of
> payments to be made to claimants who have all their lien
> issues resolved; for example, people that were Medicare only
> where we have a global deal in place, or people that
> Rawlings has already cleared. So that would be the only
> hold-up, Your Honor. In fact, it looks like we'll be on
> pace for late December, first round of payments. Hopefully
> that won't change.
>
> *MR. SCHMIDT:* And we're obviously committed to that
> happening on the defense side. That's very important to us
> as well. Our only caveat -- and I don't think there's a
> disagreement on this -- is insuring that the MSA is complied
> with, but we're committed to working to get to that
> compliance.
>
> *THE COURT:* Excellent. Appreciate your
> cooperation, both sides, on that. It's critical for the
> Court to make sure that MSA is complied with and we move
> right along to try to expedite this as much as possible.

The above captioned plaintiffs have failed to comply with the requirements of CMO 78 and have failed to show good cause for the noncompliance within the time allowed by CMO 78. Accordingly, the claims of the above captioned plaintiffs are **DISMISSED WITH PREJUDICE**.

The Court **DIRECTS** the **CLERK OF THE COURT** to **ENTER JUDGMENT ACCORDINGLY**.

**IT IS SO ORDERED.**

Signed this 16th day of December, 2014.

Digitally signed by David R. Herndon
Date: 2014.12.16 11:19:18 -06'00'

**District Judge**
**United States District Court**